May 3, 1977

## 78-79  MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

### Promotional Use of the President's Name (15 U.S.C. § 1051, 15 U.S.C. § 45)

This is in response to your memorandum of March 8, 1977, requesting our advice as to possible legal remedies for promotional use of the President's name or likeness. From the letters enclosed, it appears that you are concerned with persons who seek to identify the President with a particular commercial product for promotional reasons, including trademark registration, and not with the vendors of pictorial material. The scope of this memorandum is accordingly limited to remedies for appropriation of the President's name for advertising or promotional purposes.

No Federal law restricts the use of the President's name or likeness as such. Except for the law governing the registration of trademarks, limits on the commercial appropriation of an individual's name are primarily a matter of State law.

1. Federal registration of trademarks is governed by 15 U.S.C. § 1051 *et seq*. Section 1052 provides that:

> No trade-mark . . . shall be refused registration on the principal register on account of its nature unless it—
>
> > (a) Consists of or comprises . . . matter which may disparage or falsely suggest a connection with persons, living or dead, institutions, beliefs, or national symbols, or bring them into contempt, or disrepute.
>
> ***
>
> > (c) Consists of or comprises a name, portrait, or signature identifying a particular living individual except by his written consent . . . .

The Patent Office may apply this section and refuse registration on its own motion. *E.g.*, *Application of Continental Baking Co.*, 390 F. (2d) 747 (CCPA 1968). In addition, any person damaged by registration may object within 30 days of the publication of the proposed mark in the Official Gazette of the Patent

Office. 15 U.S.C. § 1063. A registration that violates 15 U.S.C. § 1052(a) or (c) may be cancelled at any time on petition of a person who is damaged by its use. 15 U.S.C. § 1064(c). Findings of fact by the Patent Office on these issues are controlling unless overcome on judicial review by evidence "which in character and amount carries thorough conviction." *Redken Laboratories, Inc. v. Clairol, Inc.,* 501 F. (2d) 1403 (9th Cir. 1974). Resort to the trademark law is therefore available for the purpose of preventing or cancelling the registration of trademarks using the President's name or likeness.

2. The Federal Trade Commission, (the Commission) may have the power to prevent the commercial use of the President's name in some circumstances. Section 5 of the Federal Trade Commission Act, as amended, 15 U.S.C. § 45 (Supp. V 1975), authorizes the Commission to prevent "unfair and deceptive practices" in commerce, and it is well settled that this includes the power to prohibit deceptive or misleading advertisements.[1] An advertisement is considered misleading if it creates a false impression of the source of the product or it implies a nonexistent endorsement.[2] Furthermore, the Commission considers the effect of the entire advertisement on the buying public as a whole, including "the ignorant, the unthinking and the credulous," in determining whether it is misleading.[3] The Commission may find the total effect misleading, because incomplete or out of context, even if any statement made is literally true.[4]

Under these principles, the Commission could probably prohibit the use of advertisements, labels, or trade names which implied that the President endorsed, profited from, or was connected with the sale of a particular product. The breadth of the test for misleading effect, coupled with the prestige of the Presidency and President Carter's well-known background, would probably allow the Commission to eliminate most of the attempts to attach the President's name to peanuts and peanut products.[5]

3. The States provide various additional remedies for unconsented use of an individual's name or likeness in advertising. The expansion of the First Amendment to limit State power to protect the privacy of public figures and to regulate commercial advertising do not appear to affect State power to prevent

---

[1]*E.g., Resort Car Rental System, Inc.* v. *FTC,* 518 F. (2d) 962 (9th Cir. 1975); *FTC* v. *Sterling Drug, Inc.,* 317 F. (2d) 669 (2d Cir. 1963); *Aronberg* v. *FTC,* 132 F. (2d) 165 (7th Cir. 1942). *See generally, FTC* v. *Colgate-Palmolive Co.,* 380 U.S. 374 (1965).

[2]*FTC* v. *Royal Milling Co.,* 288 U.S. 212, 216-217 (1933); *Niresk Industries, Inc.* v. *FTC,* 278 F. (2d) 337, 341 (7th Cir.); *Howe* v. *FTC.* 148 F. (2d) 561 (9th Cir. 1945).

[3]*Aronberg* v. *FTC,* 132 F. (2d) 165, 167 (7th Cir. 1942).

[4]*FTC* v. *Sterling Drug, Inc.,* 317 F. (2d) 669, 674-75 (2d Cir. 1963); *P. Lorillard Co.* v. *FTC,* 186 F. (2d) 52, 58 (4th Cir. 1950).

[5]It should be noted that the FTC has exclusive jurisdiction to enforce the Act. *Alfred Dunhill Ltd.* v. *Interstate Cigar Co., Inc.,* 499 F. (2d) 232 (2d Cir. 1974); *Holloway* v. *Bristol-Myers Corp.,* 485 F. (2d) 986 (D.C. Cir. 1973); *Carlson* v. *Coca-Cola Co.,* 483 F. (2d) 279 (9th Cir. 1973).

the unconsented appropriation of an individual's name for advertising purposes.[6]

JOHN M. HARMON
*Acting Assistant Attorney General*
*Office of Legal Counsel*

---

[6]The First Amendment protects the publication of information about public figures against State defamation or privacy law unless the publication was made with actual knowledge of or reckless indifference to its falsehood. *Time, Inc.* v. *Hill*, 385 U.S. 374 (1967); *New York Times Co.* v. *Sullivan*, 376 U.S. 254 (1964). Last term, the Supreme Court held that the First Amendment also protects the right to publish and to receive truthful commercial advertising of lawful activities. *Virginia State Board of Pharmacy* v. *Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 769-70, 773 (1976). *See also, Bigelow* v. *Virginia*, 421 U.S. 809, 825-26 (1975). The Court was careful to state, however, that it saw no obstacle in its opinion to the regulations of deceptive or misleading advertising. *Id.* at 771-72. *See also* 425 U.S. at 775-81 (Stewart, J., concurring).